IRVING, J.,
for the Court.
¶ 1. This appeal arises from an order of the Circuit Court of Calhoun County, finding that Jake Bryan’s complaint against Jimmy Aron was time barred. Aggrieved, Bryan appeals, and asserts that the court below erred in ruling that his cause of action was barred by the statute of limitations.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On October 17, 1997, Bryan loaned Aron $79,000 in cash. In return, Aron gave Bryan a check for $79,000, payable to Bryan.[1] Bryan and Aron agreed that the check would not be presented for payment until two months from the date of its issuance. Bryan presented the check for payment for the first time in December 1997, but it was dishonored because of insufficient funds in the account. Bryan held on to the check and again presented it for payment in 1998 and 1999. Each time, he was informed by the bank that the account funds were insufficient to cover the amount of the check. Finally, in July or August 2001, Bryan made a fourth attempt to cash the check, and was informed by the bank that Aron’s account had been closed. At that time, the bank stamped the check dishonored due to the account being closed.
¶ 4. On October 16, 2001, Bryan filed suit against Aron to recover the $79,000. The trial court granted Aron’s motion to dismiss, finding that Byan’s action was barred by the statute of limitations, Mississippi Code Annotated section 15-1-49(1) (Rev.2003).
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. The date of the commencement of the statute of limitations is the fulcrum on which our decision revolves. Bryan argues that the check was not officially dishonored until July or August 2001, at which time the bank informed him that Aron’s account was closed. Aron counters that the check was dishonored when Bryan first presented it for payment in December 1997 and was informed by the bank that there were insufficient funds in the account to cover the amount of the check.
¶ 6. In resolving the issue, we must first note the meaning of certain terms in order *833 to give clarity to our analysis and holding. Mississippi Code Annotated section 75-3-104(f) (Rev.2002) states that a “ ‘[c]heck’ means (i) a draft, other than a documentary draft, payable on demand and drawn on a bank.... ” Therefore, there is no question that Aron’s check to Bryan was a draft. We next examine what it means to present a draft for payment. Mississippi Code Annotated section 75-3-501(a) (Rev. 2002) states that “ ‘[presentment’ means a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank....”
¶ 7. As stated, the check was first presented in December 1997 when Bryan made a demand on the bank to pay the amount of the check. Mississippi Code Annotated section 75-3-502(b)(2) (Rev. 2002) states that “[i]f a draft is payable on demand ... the draft is dishonored if presentment for payment is duly made to the drawee and the draft is not paid on the day of presentment.” Consequently, we find that the check was first dishonored in December 1997 when Bryan presented it for payment and the bank refused to remit payment because of insufficient funds.
¶ 8. Having found that the check was dishonored when Bryan first presented it for payment in December 1997, we next address the applicable statute of limitations. We find that the applicable statute of limitations is Mississippi Code Annotated section 75-3-118(c) (Rev.2002), as agreed to by the parties. Section 75-3-118(c) states in pertinent part, “an action to enforce the obligation of a party to an unaccepted draft to pay the draft must be commenced within three (3) years after dishonor of the draft or ten (10) years after the date of the draft, whichever expires first.” Here the check was first presented to the bank for payment in December 1997, and the bank refused to hon- or the check due to insufficient funds. Therefore, pursuant section 75-3-118(c), Bryan had three years from December 1997 to bring a cause of action against Aron. He did not file suit until October 2001, almost four years from the date the check was first dishonored.
¶ 9. We note that the trial judge found that the general catch-all statute of limitations, Mississippi Code Annotated section 15-1-49 (Rev.2003), was the applicable limitations statute.[2] The trial judge reasoned that the check was not given in exchange for goods or services, that its sole purpose was to evidence the existence of a $79,000 loan between the parties, and that the loan was to bear interest at the rate of ten percent per annum. Therefore, the trial judge concluded that the check in reality was a promissory note, payable on demand. The record does not reflect that a promissory note was ever signed by Aron, nor is there a memorandum of the parties’s oral agreement setting forth the terms and conditions for the repayment of the $79,000. Under these circumstances, we are loath to find that the check operated as a promissory note. Assuming ar-guendo that it did, our result would still be the same, for we agree with the trial judge that Bryan’s cause of action accrued when he first presented the check for payment in December 1997, and the check was dishonored by the bank. Therefore, in order to be timely, Bryan needed to file his lawsuit by December 2000. Since the suit was not filed until 2001, we find no error in *834 the trial court’s dismissal of Bryan’s complaint.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS JJ., CONCUR. SOUTHWICK, J., CONCURS IN RESULT ONLY.

. The check was drawn on the Bank of Mississippi, which has subsequently become Ban-corpSouth.

. Section 15-1-49(4) provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.”